UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2021

Ohio Security Insurance Company,

Plaintiff,

—v—

Travelers Indemnity Company of Connecticut,

Defendant.

19-cv-1355 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

In this case, two insurers spar over who will bear responsibility for a personal injury lawsuit filed by a worker at a shared job site. Ohio Security Insurance Company insures a contractor at the job site and has agreed to defend the owners and construction manager in the worker's suit. Travelers Indemnity Company of Connecticut insures a subcontractor who employed the injured worker and is not a defendant in the injury suit. Ohio alleges that the contractor, owners, and construction manager qualify as additional insureds under the Travelers policy, and thus that Travelers must indemnify and defend them. The Court concludes that there is no reasonable possibility that the Travelers policy covers the worker's claims. It thus denies Ohio's motion for partial summary judgment and grants Travelers' cross-motion for summary judgment.

I.      **Background**

Carlos Mena worked for Airforce 1 Mechanical LLC as a heating, ventilation, and air conditioning ("HVAC") installer at a construction project in Kings County, New York. Rule

56.1 Statement, Dkt. No. 45, ¶¶ 5, 7.  On December 8, 2017, he tripped and fell while on the job. *Id.* ¶ 6.  He sued the property owners (Safdi Plaza Property LLC and 10 Jay LLC) and construction manager (MJM Associates Construction LLC), among others, in New York state court.  *Id.* ¶¶ 1–3, 21–22, 26; *see* Mena Complaint, Dkt. No. 45-2.[1]  MJM impleaded the HVAC contractor (TRV Mechanical Contractors, LLC) seeking indemnity from its insurer, Ohio.  Rule 56.1 Statement ¶ 14; *see* MJM Third-Party Complaint, Dkt. No. 45-5.  TRV impleaded Airforce.  Rule 56.1 Statement ¶ 15; *see* TRV Third-Party Complaint, Dkt. No. 45-6.  Mena amended his complaint to add TRV as a first-party defendant.  Rule 56.1 Statement ¶ 16; Mena Complaint.  Mena does not assert any claims against Airforce.

Mena's complaint alleges that he was injured due to a "tripping hazard" as a result of negligence by the first-party defendants in his suit—Safdi, 10 Jay LLC, MJM, TRV, and another company associated with the property owners—in "maintain[ing], controll[ing], and supervis[ing]" the premises and construction work being done there.  Mena Complaint ¶¶ 162–63.  He alleges that negligence on the part of those defendants was the sole cause of his injuries. *Id.* ¶ 162.  He also alleges that the defendants violated several provisions of the New York Labor Law.  *Id.* ¶¶ 170–73.  Section 200 of the New York Labor Law requires that buildings be constructed in a manner that protects the safety of people who work in or frequent those buildings.  Section 240 requires property owners and contractors to maintain adequate scaffolding at construction sites.  Section 241 requires property owners and contractors to maintain safe flooring at construction sites.  Mena does not plead any acts or omissions by Airforce or so much as mention Airforce in his complaint.

---

[1] Mena initially filed three separate suits presenting essentially the same claims.  The parties have sought to consolidate them.  *See* Ohio Security Opening Br., Dkt. No. 47, at 1 & n.1.  For clarity, the Court refers to the lead case, which remains pending in the Supreme Court of New York, Bronx County, *Mena v. Safdi Plaza Property LLC*, No. 20631/2018E.

Mena's bill of particulars filed in the state-court action provides further details.  *See* Bill of Particulars, Dkt. No. 45-17.  He claims that the first-party defendants in that action created a tripping hazard by placing and failing to secure, maintain, and inspect a temporary floor covering.  *Id.* ¶¶ 3–5.  The bill of particulars, like the complaint, does not allege any acts or omissions by Airforce.  It mentions Airforce only once, in connection with Mena's claim for lost wages as a result of the injury.  *Id.* ¶¶ 20–21.

Both Ohio and Travelers investigated the accident.  Ohio's investigation found that Mena's injury occurred on the roof of the premises at the construction site and that "Mena was allegedly injured when he, while walking across this roof, tripped over a piece of plywood and/or temporary floor covering."  Ohio Tender, Dkt. No. 45-15, at 2 n.3.  Travelers determined that Mena was "carrying a metal air conditioning duct when he tripped on a piece of plywood."  Travelers Emails, Dkt. No. 45-13, at *3.  In internal communications, a Travelers claim professional expressed ambivalence about the likely outcome of a claim for defense and indemnity, concluding that Travelers "may turn out [to] owe a defense to the owner and [general contractor]."  *Id.* at *4.  A report by Mena's supervisor prepared a few days after the accident was generally consistent with the results of these subsequent investigations.  It concluded that "[Mena] was carrying ductwork from the 10th to the 11th floor and tripped on a masonry board."  Supervisor's Accident Report, Dkt. No. 45-16.

Two insurance policies are relevant in this case.  First, TRV holds a commercial general liability policy with Ohio.  Rule 56.1 Statement ¶ 38; *see* Ohio Policy, Dkt. No. 45-10.  TRV concedes that the underlying action qualifies as an "occurrence" within the "coverage territory" as those terms are defined in the Ohio policy; thus, MJM, Safdi, and 10 Jay assert they are

additional insureds under the Ohio policy.  Rule 56.1 Statement ¶¶ 42–43.  That question is not before this Court.

Second, Airforce holds a plumbing and mechanical policy with Travelers.  *Id.* ¶ 32; *see* Travelers Policy, Dkt. No. 45-9.  Under that policy, only Airforce is the named insured.  The policy also covers as an additional insured "any person or organization that [Airforce] agree[s] in a 'written contract requiring insurance' to include as an additional insured" subject to an important limitation.  Rule 56.1 Statement ¶ 36.  The policy provides that it protects those listed as additional insureds for liability for personal injury and property damage only as follows:

> "If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of 'your work' to which the 'written contract requiring insurance' applies.  The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization." *Id.*

Thus, for someone to qualify as an additional insured with respect to a particular claim, they must be listed as an additional insured and the injury must be the result of acts or omissions of the named insured.  The parties agree that the subcontract between TRV and Airforce is a written contract requiring insurance and designates Ohio's insureds as additional insureds under the Travelers policy.  *See* Rule 56.1 ¶¶ 27–31; Subcontract, Dkt. No. 45-8; *see also* Travelers Opening Br., Dkt. No. 48, at 5–10.  The dispute in this case is whether coverage under the Travelers policy extends to Mena's claims.

## II.   Legal Standard

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'  A fact is material if it 'might affect the outcome of the

suit under the governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)

(internal citations omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"In applying this standard, [courts] 'resolve all ambiguities, and credit all factual inferences that

could rationally be drawn, in favor of the party opposing summary judgment.'"  *Brown v.*

*Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (quoting *Cifra v. General Electric Co.*, 252 F.3d

205, 216 (2d Cir. 2001)).

 "A federal court sitting in a diversity case will apply the substantive law of the forum

state on outcome determinative issues."  *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir.

1997).  This Court thus must follow decisions of the New York Court of Appeals on questions of

New York law.  *Id.*  If the New York Court of Appeals has not authoritatively decided an issue,

this Court is "bound . . . to apply the law as interpreted by New York's intermediate appellate

courts [absent] persuasive evidence that the New York Court of Appeals . . . would reach a

different conclusion."  *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris USA Inc.*,

344 F.3d 211, 221 (2d Cir. 2003) (first alteration in original) (quoting *Pahuta v. Massey–*

*Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999)).

## III. Discussion

 The language in the Travelers policy governing coverage for additional insureds is

common in the field.  New York's appellate courts have had frequent opportunities to interpret

similar language in insurance policies, and its meaning is now well settled as a matter of New

York law.  When an insurance policy extends coverage to additional insureds only for injuries

"'caused, in whole or in part,' by the 'acts or omissions' of the named insured, the coverage

applies to injury proximately caused by the named insured."  *Burlington Ins. Co. v. NYC*

*Transit Auth.*, 79 N.E.3d 477, 478 (N.Y. 2017).  In so holding, the New York Court of Appeals

followed federal courts in this district, which have long held that "'caused by' requires a showing that [the named insured]'s operations proximately caused the bodily injury for which indemnity was sought." *Id.* at 484 (some internal quotation marks omitted) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. XL Ins. Am., Inc.*, No. 12-cv-5007 (JSR), 2013 WL 1944468, at *7 (S.D.N.Y. May 7, 2013)).  Thus, an obligation to indemnify does not attach if a named insured's innocent conduct is merely a but-for cause of the injury.  *See id.*  Additional-insured provisions are designed to protect additional insureds from vicarious liability for the named insured's negligence.  *Id.* at 485.  They do not cover claims based on an additional insured's own tortious conduct.  *Id.*  The Appellate Division has reached the same conclusion for a Travelers policy with additional insured language essentially identical to the relevant language in this case.  *See Tishman Techs. Corp. v. Travelers Indem. Co. of Am.*, 76 N.Y.S.3d 162, 163–64 (App. Div. 2018).

Applying these principles, New York courts have generally held that additional-insured provisions do not cover claims by an employee of the named insured for an injury caused by a dangerous condition on premises controlled by an additional insured.  *See, e.g.*, *Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 86 N.Y.S.3d 364, 366 (App. Div. 2018); *Hanover Ins. Co. v. Philadelphia Indem. Ins. Co.*, 73 N.Y.S.3d 549, 550 (App. Div. 2018).  Instead, they require indemnification of additional insureds only for claims that result from the named insured's own actionable acts or omissions.  *Burlington*, 79 N.Ed.3d at 482.  The insured bears the burden to establish coverage.  *Rhodes v. Liberty Mut. Ins. Co.*, 892 N.Y.S.2d 403, 405 (App. Div. 2009).

Ohio does not seek only indemnity, however.  "It is well settled that an insurance company's duty to defend is broader than its duty to indemnify." *Auto. Ins. Co. of Hartford v. Cook*, 850 N.E.2d 1152, 1155 (N.Y. 2006).  "[A]n insurer has a duty to defend if the allegations

state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Belt Painting Corp. v. TIG Ins. Co.*, 795 N.E.2d 15, 17 (N.Y. 2003) (citing *Fitzpatrick v. Am. Honda Motor Co.*, 575 N.E.2d 90, 92 (N.Y. 1991)). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Hartford*, 850 N.E.2d at 1155 (quoting *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 422 N.E.2d 518, 521 (N.Y. 1981)).

Though broad, the duty of defense is not boundless. To determine whether an insurer is obligated to defend an action, the Court begins with the complaint in the suit for which defense is sought. "[A]n insurer's duty to defend is at least broad enough to apply when the 'four corners of the complaint' suggest the reasonable possibility of coverage." *Fitzpatrick*, 575 N.E.2d at 92. That is, an insurer may not avoid its duty to defend by pointing to evidence outside the complaint that belies the plaintiff's claims. The allegations in the plaintiff's pleadings, however, are not "the *sole* criteria for measuring the scope of that duty." *Id.* Even if the plaintiff's allegations do not implicate the policy, "the insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy's indemnity coverage." *Id.* Either facts pled in the complaint or those otherwise known to the insurer may suggest a reasonable possibility of coverage. If neither are present, "conclusory assertions" that an insurance policy applies do not give rise to a duty to defend. *Allstate Ins. Co. v. Mugavero*, 589 N.E.2d 365, 370 (N.Y. 1992).

The Court starts with Mena's pleadings. Mena does not plead any acts or omissions by Airforce, the named insured. Instead, he alleges negligence by the first-party defendants. For example, he alleges that the first-party defendants "owned, managed, maintained, controlled and supervised" the premises. Mena Complaint ¶ 163. There is no genuine dispute that Airforce—an HVAC subcontractor—did not own, manage, maintain, control, or supervise the premises.

*See* Subcontract, Ex. A (defining Airforce's scope of work as furnishing and installing listed items of HVAC equipment).

Ohio contends that because Mena asserts claims for violations of the New York Labor Law, his claims must stem from Airforce's acts or omissions. But that is neither true as a general matter nor consistent with the allegations in the complaint. The provisions of the New York Labor Law that Mena relies on impose nondelegable duties on property owners to maintain safe premises. *See Larosae v. Am. Pumping, Inc.*, 902 N.Y.S.2d 202, 205 (App. Div. 2010); *see also Powell v. Norfolk Hudson, LLC*, 82 N.Y.S.3d 107, 109 (App. Div. 2018). A property owner's liability under these provisions is primary, not derivative of negligence by a contractor or subcontractor. *See Rocovich v. Consol. Edison Co.*, 583 N.E.2d 932, 934 (N.Y. 1991). In support of those claims, Mena repeats and re-alleges the other factual allegations in his complaint—that is, the allegations of negligent primary conduct by the first-party defendants. Thus, the first-party defendants' "potential liability in the underlying action is for [their] own independent acts or omissions." *Tishman*, 76 N.Y.S.3d at 164. Nothing in the complaint even hints at a claim based on negligence by Airforce. To the contrary, Mena attributes his injuries "solely and wholly" to the first-party defendants. Mena Complaint ¶ 162.

Ohio fares no better looking beyond the factual allegations of the complaint. Mena's bill of particulars lays the blame at the feet of a temporary floor covering. Bill of Particulars ¶¶ 3–5. The insurers' investigations reached the same conclusion. *See* Ohio Tender at 2 n.3; Travelers Emails at *3. Ohio does not dispute that Airforce—as an HVAC subcontractor—would have nothing to do with the placement or maintenance of temporary floor coverings. *See* Ohio Opening Br., Dkt. No. 47, at 11–13; Ohio Reply Br., Dkt. No. 49, at 4–15; *see also* Subcontract, Ex. A. Instead, it contends for the first time in its reply that "Airforce assumed responsibility for

all safety issues related to the conduct of its employees' work on the project."  Ohio Reply Br. at 12.  The relevant contracts do not support the view that Airforce was responsible for hazards at the worksite that it did not create.  They reflect that Airforce was responsible for the techniques and procedures of its employees, while other parties were responsible for maintaining the worksite.  *See* Subcontract § 2.01; Trade Contract, Dkt. No. 45-7, § 12.1.  Nor does Airforce's promise to "comply with applicable laws" mean that it assumed sole responsibility for the first-party defendants' duties under the New York Labor Law.  Subcontract § 2.01(F).  Even accepting that implausible reading of the subcontract, duties under the New York Labor Law are nondelegable.  The facts within Travelers' knowledge, like the allegations in Mena's complaint, do not raise a reasonable possibility that Airforce's acts or omissions proximately caused Mena's injuries.

The Court finds three Appellate Division cases particularly instructive.  The decisions in *Pioneer*, 86 N.Y.S.3d 364, *Hanover*, 73 N.Y.S.3d 549, and *All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 92 N.Y.S.3d 256 (App. Div. 2019), each dealt with claims by an employee of a named insured for an injury caused by a dangerous condition on premises owned by another. Each involved additional-insured provisions substantially similar to the relevant provision in the Travelers policy.

In *Pioneer*, a janitor employed by a janitorial service slipped on ice while working at a middle school.  The contract between the janitorial service and the school listed the school as an additional insured, and so the school sought defense and indemnity in the janitor's suit against it. The Appellate Division held that the janitorial service was entitled to summary judgment on the school's claims for defense and indemnity.  The school contended that the janitorial service caused the accident because it instructed the janitor to leave the school through a door near

where she slipped on the ice.  The court disagreed.  The janitorial service "merely furnished the
occasion for the injury" by fortuitously placing the janitor "in a location or position in which an
alleged separate instance of negligence acted independently upon her to produce harm."
*Pioneer*, 86 N.Y.S.3d at 366 (cleaned up) (quoting *Hain v. Jamison*, 68 N.E.3d 1233, 1240 (N.Y.
2016)).  Because the janitorial service "was not responsible for clearing ice and snow," the
school, and not the janitorial service, proximately caused her injuries.  *Id.*  Thus, there was no
reasonable possibility of coverage, and the janitorial service's insurer was not required to defend
the school in the janitor's suit.

The Appellate Division reached the same result in *Hanover.*  A music school sought
defense and indemnity from the insurer of a security contractor for a security guard's claim that
he slipped on a recently mopped floor.  Like the middle school in *Pioneer*, the music school
contended it was covered by the policy's additional-insured endorsement because the injured
guard was an employee of the named insured and was injured in the course of his work.  The
Appellate Division, applying *Burlington*, 79 N.E.3d 477, rejected this argument.  *See Hanover*,
73 N.Y.S.3d at 550.  The mere fact of the guard's employment with the named insured was not
enough to raise a reasonable possibility that the security contractor's acts or omissions
proximately caused his injury.  Thus, the security contractor's insurer was not required to defend
the school in the guard's suit.  *Id.*

*All State* illustrates the sort of facts under which the insurer of an injured employee will
be required to defend and indemnify pursuant to an additional-insured provision.  An employee
of a demolition subcontractor sued another contractor after he tripped on construction debris and
demolition remains at a worksite.  *All State*, 92 N.Y.S.3d at 257.  The court found that the
demolition worker's claims raised a reasonable possibility of coverage because "[his] pleadings

10

implicate [the named insured's] demolition actions."  *Id.*  Unlike in *Pioneer* and *Hanover*, where employees slipped and fell due to conditions within the control of the additional insured, the construction worker in *All State* alleged that he tripped over debris created by the named insured. Thus, the facts pled in the complaint raised a reasonable possibility that the named insured's acts and omissions, rather than the independent acts and omissions of the additional insured, proximately caused the worker's injury.  *See id.*  In these circumstances, the court held that the insurer must defend the additional insured.  Present in *All State*, and lacking in *Pioneer* and *Hanover*, was a clear nexus between the named insured's negligent conduct and the injury.

In light of these precedents, there is no genuine dispute as to whether the factual allegations in Mena's complaint—or any other facts known to Travelers—raise a reasonable possibility that Travelers will be required to indemnify the first-party defendants in Mena's suit. Mena's complaint does not allege any acts or omissions by Airforce.  Like in the school in *Pioneer*, Ohio points to little more than the fact of Mena's on-the-job injury to contend that Airforce was responsible.  Under *Burlington*, *Pioneer*, and *Hanover*, this falls well short of what is needed to raise a reasonable possibility that Airforce proximately caused Mena's injuries.[2]

## Conclusion

For the foregoing reasons, the Court DENIES Ohio's motion for partial summary judgment (Dkt. No. 46) and GRANTS Travelers' cross-motion for summary judgment (Dkt. No.

---

[2] The Court notes that Ohio did not assert claims for defense and indemnity of Mena's claims against Safdi and 10 Jay in its complaint and raised those claims for the first time in its motion for partial summary judgment.  *See* Dkt. Nos. 1, 47.  The Court need not decide if those claims are properly presented here because they fail on the merits for the same reasons MJM and TRV are not entitled to defense and indemnity.

48).[3]  The Court DENIES as moot Ohio's letter motion for oral argument (Dkt. No. 53).  The

Clerk of Court is respectfully directed to enter judgment in favor of Travelers and close the case.


      SO ORDERED.


Dated: March 1, 2021
      New York, New York
                                _____
                                    ALISON J. NATHAN
                            United States District Judge

---

[3] Travelers did not file a separate notice of motion and motion; however, the Court construes its Memorandum of Law in Support of its Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 48) as a cross-motion for summary judgment.